IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SUMMER BROOKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PSCU, LLC, a Florida registered company, and LONE STAR CREDIT UNION, a Texas credit union,<br><br>*Defendants*. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## **CLASS ACTION COMPLAINT**

Plaintiff Summer Brooks ("Plaintiff Brooks" or "Brooks") brings this Class Action Complaint and Demand for Jury Trial against Defendant PSCU, LLC ("Defendant PSCU" or "PSCU") and Defendant Lone Star Credit Union ("Defendant Lone Star Credit Union" or "Lone Star Credit Union") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Brooks, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## PARTIES

1. Plaintiff Summer Brooks is a resident of Dallas, Texas.

2. Defendant PSCU is a Florida registered company headquartered in St. Petersburg, Florida. Defendant PSCU conducts business throughout this District and throughout the US.

3. Defendant Lone Star Credit Union is a Texas registered credit union headquartered in Dallas, Texas. Defendant Lone Star Credit Union conducts business throughout Texas.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants because Defendant PSCU has its headquarters in this District and makes calls from this District and because Lone Star Credit Union conducts business in this District as it hired Defendant PSCU who is located in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant PSCU has its headquarters in this District, and the wrongful conduct giving rise to this case was directed by PSCU from this District.

# INTRODUCTION

7. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants,* No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in October 2024 alone, at a rate of 158.4 million per day. www.robocallindex.com (last visited November 11, 2024).

12. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant Lone Star Credit Union is a Texas-based credit union that delivers financial services to consumers throughout Texas.[3]

16. Defendant Lone Star Credit Union provides Visa credit cards and debit cards to consumers throughout the US.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/lone-star-credit-union/about/

4

17. Defendant Lone Star Credit Union notifies consumers about fraudulent account activity using pre-recorded calls.

18. Defendant PSCU is a payments credit union service organization that provides services for credit unions throughout the US.[4]

19. Defendant PSCU places pre-recorded calls about fraudulent account activities to consumers on behalf of unions like Lone Star Credit Union, as per Plaintiff's experience.

20. Consumers have captured and posted pre-recorded calls they received from PSCU online, from the same phone number PSCU used to call Plaintiff, including:

**Typical Messages**

This is the Fraud Detection Department for Haynes Federal Credit Union, calling for **** Press 1 to continue in English. Para continuar en espaÃ±ol, lo prima dos. (Spanish)

This is the Fraud Detection Department for Founders Federal Credit Union calling for ***** Press 1 to continue in English. Para continuar en Español o Prima 2. (Spanish)

This is the fraud detection department for, to get a credit union. Calling for, ****, we need to verify some recent activity on your, card, ending in, ****. In order to prevent possible difficulties using your card, it is important that you call us back at your earliest convenience. Pull free at8444148064 to verify this activity. Please reference case number, ****, when returning our call. You may call us back 24 hours a day, 7 days a week. The number again is, 844, 414, 8064. Thank you.[5]

---

[4] https://www.pscu.com/risk-management-products
[5] https://directory.youmail.com/phone/833-950-1947

**(833) 228-1947 is a Robocall**
Be cautious.

LISTEN  ▶ 0:00 / 0:31

TRANSCRIPT  *Important visa fraud alert this call is regarding 2 recent transactions of 467600 69 dollars on your VISA card in favor of prime technologies if you did not approve these charges then call back our visa fraud department on our toll free number 833-228-1947 I repeat 833-228-1947.*  [6] [7]

21. Unfortunately, as per Plaintiff's experience, the Defendants place pre-recorded calls to consumers that are intended for other consumers.

22. Even when the Defendants are notified that they are calling the wrong phone number, they continue to call those consumers phone numbers, as per Plaintiff's experience.

23. In response to these calls, Plaintiff Brooks brings this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

### PLAINTIFF BROOKS'S ALLEGATIONS

24. Plaintiff Brooks is the sole owner and user of her cell phone number ending in 2333.

25. In mid-October of 2024, Plaintiff Brooks acquired her cell phone number.

---

[6] https://www.nomorobo.com/lookup/833-228-1947
[7] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/REc407ab42edd11c89d51b00e877994837

6

26. Since she acquired her cell phone number, Plaintiff Brooks has been receiving fraud notification calls and voicemails from the Defendants.

27. Plaintiff Brooks answered a call and told the Defendants that they were calling the wrong phone number.

28. Unfortunately, this did not cause the calls to stop.

29. For example, on October 25, 2024 at 9:53 AM, Plaintiff Brooks received a call to her cell phone from 833-950-1947.

30. This call was not answered, but a pre-recorded voicemail was left:

[8]

---

[8] https://www.dropbox.com/s/skhlrhwgz1htyaj/October%2025%20Call.m4a?dl=0

31. Plaintiff Brooks believes this voicemail was pre-recorded because the voice sounds robotic, artificial, the pauses are unnatural, and the recording asks the recipient to press '1' to continue in English.

32. The voicemail that Plaintiff Brooks received clearly states that it is from Lone Star Credit Union.

33. On November 10, 2024 at 8:52 AM, Plaintiff Brooks received another call to her cell phone, this time from 623-308-8000.

34. This call was not answered, but a voicemail was left:



8

35. In contrast to the earlier message, Plaintiff believes this voicemail was left by a live agent, since her voice does not sound robotic and because the pauses are natural.

36. 623-308-8000 is owned by PSCU:



37. Plaintiff Brooks does not know who Rena Sharzer is.

38. Plaintiff Brooks has never been identified as Rena Sharzer or anything similar.

39. Plaintiff Brooks has never given consent to either Defendant to receive pre-recorded calls.

40. The unauthorized telephone calls and voicemails that Plaintiff received from or on behalf of the Defendants has harmed Plaintiff Brooks in the form of

---

[9] https://www.whitepages.com/phone/1-623-308-8000

annoyance, nuisance, and invasion of privacy, occupied her phone memory, and disturbed the use and enjoyment of her phone.

41. Seeking redress for these injuries, Plaintiff Brooks, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

42. Plaintiff Brooks brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons throughout the United States (1) to whom PSCU placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Lone Star Credit Union customer or accountholder, (3) in connection with which PSCU used an artificial or prerecorded voice message identifying Lone Star Credit Union, (4) from four years prior to the filing of this case through the date of class certification.

43. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated

and/or released. Plaintiff Brooks anticipates the need to amend the Class definition following appropriate discovery.

44. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

45. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant PSCU placed pre-recorded voice message calls on behalf of Defendant Lone Star Credit Union to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

46. **Adequate Representation**: Plaintiff Brooks will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Brooks has no interests antagonistic to

11

those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff Brooks and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Brooks nor her counsel have any interest adverse to the Class.

47. **Appropriateness**: This class action is also appropriate for certification because the Defendants acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Brooks. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Brooks and the Pre-recorded No Consent Class)

48.   Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

49.   The Defendants transmitted unwanted telephone calls to Plaintiff Brooks and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

50.   These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

51.   The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Brooks requests a jury trial.

SUMMER BROOKS, individually and on behalf of all others similarly situated,

DATED this 26th day of December 2024.

By: */s/ Stefan Coleman*

Stefan Coleman
**Coleman PLLC**
18117 Biscayne Blvd, Suite 4152
Miami, FL 33160
law@stefancoleman.com
Telephone: (877) 333-9427

14

>Avi R. Kaufman*
>kaufman@kaufmanpa.com
>**KAUFMAN P.A.**
>237 South Dixie Highway, Floor 4
>Coral Gables, FL 33133
>Telephone: (305) 469-5881
>
>*Attorneys for Plaintiff and the putative Class*
>
>*\*Lead counsel*